IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Kelvin Looper,<br><br>    Plaintiff,<br><br>v.<br><br>Sandy Crosslin, District Judge of Cherokee County,<br><br>    Defendant. | Case No. 18-CIV-404-RAW |

**OPINION AND ORDER**

Before the court are the Complaint in this matter [Docket No. 2] and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 3]. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 3] is granted.

Plaintiff alleges that the Defendant violated his civil rights, that Defendant "said that I was ugly & stupid & domestic viliont [sic] & that she is going to take my children away from me & my wife <u>forever</u>." The Complaint also states: "Sandy Crosslin mental abuses me & slanders my name in open court in front of the DHS & they all laugh at us." [Complaint, Page 2].

**28 U.S.C. § 1915**

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that−
>    **(A)** the allegation of poverty is untrue; or
>    **(B)** the action or appeal—
>       **(i)** is frivolous or malicious;
>       **(ii)** fails to state a claim on which relief may be granted; or

>> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

## Judicial Immunity

The doctrine of absolute judicial immunity shields judges from liability for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). The absolute judicial immunity doctrine is founded on "a general principle of the highest importance to the proper administration of justice" - "that a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id*. (quoting *Stump v. Sparkman*, 435 U.S. 349, 355 (1978)).

The doctrine of absolute judicial immunity applies to all judges. *Id*. There are only two exceptions to the doctrine: "(1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (internal brackets and quotation marks omitted)(quoting *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). As to the first

exception, whether an action is within a judge's judicial capacity relates "to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity."  *Mireles*, 502 U.S. at 12 (quoting *Stump*, 435 U.S. at 362).

As to the second exception, the scope of a judge's jurisdiction is "construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356-57. For this exception to apply, the judge must have acted "in the clear absence of all jurisdiction." *Id*.  The Supreme Court provides an example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction." *Id*. at 357 n.7.

## Conclusion

The court does not take lightly its decision in this matter.   The allegations listed in the complaint, however, do not create a claim upon which this lawsuit can proceed.

The court finds that Plaintiff's action is frivolous, that Plaintiff fails to state a claim on which relief can be granted, and that Plaintiff seeks monetary relief against a Defendant who is immune from such relief.   This matter is dismissed with prejudice.

Dated this 2nd day of January, 2019.

*Ronald A. White*
_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**